
FILED
2021 Feb-02 AM 09:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| **DYNAMIC COLLISION, LLC**, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  Case No. 4:21-CV-00120-CLM |
| | ) |
| **CITY OF GADSDEN,** | ) |
| **ALABAMA, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### **ORDER**

The court has a continuing obligation to ensure that it has jurisdiction over each matter that comes before it and requires more information to fulfill that obligation here.

Plaintiff originally filed this suit in Alabama state court bringing claims for injunctive and declaratory relief against the City of Gadsden, Alabama and the Gadsden Airport Authority, alleging that a proposed rendering plant violates Gadsden zoning ordinances. Defendants then removed the case to this court, arguing that the court has federal question jurisdiction over the case.

For removal to be proper under federal question jurisdiction, the plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. "The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's

well-pleaded complaint." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). Here, the plaintiff's amended complaint cites no constitutional provision or statute. But defendants argue that federal question jurisdiction exists because the plaintiff's complaint asserts that "the City's arbitrary interpretation of its zoning ordinances" denied the plaintiff procedural due process and cites an Alabama Supreme Court case that references both state and federal procedural due process guarantees. *See* Doc. 1-3 at 5. The court cannot tell whether the plaintiff intended for these references to procedural due process violations to assert a claim under the procedural due process clause of the U.S. Constitution.

So, keeping in mind that any doubts about removal should be resolved in favor of remand, *see Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994), the court **ORDERS** defendants to show cause as to why the court should not remand this case to the Circuit Court of Etowah County, Alabama. Defendants' response to this order should not exceed 10 pages and is due by **Friday, February 12, 2021**. Plaintiff may reply to defendants' response by **Friday, February 19, 2021**. Plaintiff's reply cannot exceed 10 pages.

**DONE** and **ORDERED** this February 2, 2021.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE