FILED
2021 Feb-22 PM 03:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| DYNAMIC COLLISION, LLC,  )  <br>     **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **CITY OF GADSDEN,** ) <br> **ALABAMA, et al.,** ) <br>     **Defendants.** ) | Case No. 4:21-CV-00120-CLM |

### MEMORANDUM OPINION

Plaintiff Dynamic Collision LLC ("Dynamic") sued Defendants City of Gadsden, Alabama and the Gadsden Airport Authority (collectively "Gadsden"), alleging that a proposed rendering plant violates Gadsden zoning ordinances. Dynamic sued Gadsden in state court, and Gadsden removed the case to this court, arguing that the court has federal question jurisdiction over the case.

**A. Dynamic's Procedural Due Process Claim**

According to Gadsden, this court has federal question jurisdiction because Dynamic's complaint asserts that "the City's arbitrary interpretation of its zoning ordinances" denied Dynamic procedural due process, and as support, Dynamic cites an Alabama Supreme Court case that references both state and federal procedural due process guarantees. *See* Doc. 1-3 at 5. But Dynamic's amended complaint cites no constitutional provision or statute. So the court ordered Gadsden to show cause as to why the court should not remand this case for lack of jurisdiction. *See* Doc. 3.

Gadsden responded by arguing that: (a) the court should read Dynamic's references to procedural due process as stating a claim under the 14th Amendment to the U.S. Constitution, and (b) that when Gadsden asked, Dynamic did not deny that it was bringing a 14th Amendment claim. *See* Docs. 4, 5.

Dynamic replied by asking the court to remand and state that "it is not asking for any court to determine whether its federal due process rights under the 14th Amendment of the U.S. Constitution were violated or otherwise asserting any federal cause of action." Doc. 6 at 4.

**B. Lack of Jurisdiction**

"Federal courts are courts of limited jurisdiction. They possess only the power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For removal to be proper, this court must have subject matter jurisdiction over this case. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). And the court must resolve any doubts about removal in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012).

Because Dynamic does not cite the U.S. Constitution or a federal statute in its complaint, and because Dynamic has affirmatively stated that it is not bringing a federal cause of action against Defendants, the court finds that it lacks subject matter jurisdiction over this case. So, by separate order, the court will remand this case to

the Circuit Court of Etowah County.

### C. Costs and Expenses

The court denies Dynamic's request that the court require Gadsden to reimburse Dynamic for the costs and expenses of defending the notice of removal.

**DONE** this February 22, 2021.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE